**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                             :
JUAN QUINONES,               :    Civ. Action No. 17-12940(RMB)
                             :
    Petitioner,            :
                             :    **MEMORANDUM AND ORDER**
  v.                         :
                             :
STATE OF NEW JERSEY, *et al*,:
                             :
    Respondents.           :
_____:

    This matter comes before the Court upon transfer of a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 from the United States District Court, Eastern District of Pennsylvania. (Certified Copy of Transfer Order and docket, ECF No. 12.) Petitioner Juan Quinones, a prisoner incarcerated in Curran-Fromhold Correctional Facility in Philadelphia, Pennsylvania, requested a speedy trial in the state courts on pending criminal charges in Pennsylvania and in New Jersey, and seeks relief because he received no response to his requests. (Pet., ECF No. 1, ¶¶4, 7.)

    The Eastern District of Pennsylvania dismissed as moot Petitioner's claim with respect to the pending criminal charges by the Commonwealth of Pennsylvania because Petitioner pled guilty to charges of drug and prohibited firearm possession, and was

sentenced in the Court of Common Pleas of Philadelphia County to 11 ½ to 23 months incarceration (with immediate parole to house arrest at 11 ½ months). (Report and Recommendation, ECF No. 9; Order Adopting Report and Recommendation, ECF No. 11.) On November 6, 2017, in an Answer to the Petition, Kelly Wear, Assistant District Attorney for the Philadelphia District Attorney's Office, stated that she contacted Assistant Prosecutor David E. Dietz of the Camden County Prosecutor's Office and learned that Petitioner was indicted in New Jersey in July 2017, for one count of criminal conspiracy. (Answer, Eastern District of Pennsylvania, ECF No. 8.) The Camden County Court issued a bench warrant for Petitioner on August 14, 2017, because he was still in custody in Pennsylvania. The New Jersey Court was still awaiting execution of the warrant. (Id.)

Local Civil Rule 81.2 requires that a habeas petition be filed on a form supplied by this Court. The appropriate form is a "Petition under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody." Therefore, this action is terminated until such time as Petitioner submits his petition on the correct form, which will be supplied to him.

Petitioner should also be aware that prior to ordering an Answer from the Respondents to any petition, the Court must review the petition and dismiss it "if it plainly appears from the petition and any attached exhibits that the petitioner is not

2

entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. If Petitioner reopens this matter, the Court would be required to dismiss the present petition because it does not plainly appear that Petitioner is entitled to relief because he has not exhausted his state court remedies.

Petitioner alleges that his requests for a speedy trial in New Jersey have been ignored. Before Petitioner can seek dismissal of the New Jersey charges in federal court, he must exhaust his speedy trial claim in New Jersey.[1] Additionally, if Petitioner seeks to be brought from prison in Pennsylvania to New Jersey for disposition of the New Jersey criminal charges, he must satisfy the procedural requirements of the Interstate Agreement on

---

[1] In Moore v. DeYoung, 515 F.3d 437, 449 (1975), the Third Circuit Court of Appeals explained the exhaustion requirement:

> Petitioner ... will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts. Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

Detainers Act ("IADA"), and exhaust his state remedies.[2]

**IT IS** therefore on this **6th day of February, 2018;**

**ORDERED** that the Clerk of the Court shall administratively terminate this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dept.*, 413 F. App'x 498, 502 (3rd Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs …."); and it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, within 30 days of the date of entry of this Order; Petitioner's writing shall include a properly completed form "Petition under 28 U.S.C. § 2254 for Writ of Habeas

---

[2] See 18 U.S.C.A. App. 2, § 2, Art. III; see also O'Neal v. Grondolsky, Civ. Action No. 09-4500 (RMB), 2010 WL 1257725, at *3 (D.N.J. Mar. 26, 2010) ("the Court of Appeals has 'held that a habeas petitioner seeking a speedy trial in another state, or seeking to bar prosecution of a charge upon which an out-of-state detainer is based, must exhaust the remedies of the state where the charge is pending'") (quoting Mokone v. Fento, 710 F.3d 998, 1003 (3d Cir. 1983)).

Corpus by a Person in State Custody"; and it is further

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, and receipt of his amended petition on the proper form, the Clerk of the Court will be directed to reopen this case; and the Court will screen the petition pursuant to Habeas Rule 4, as discussed above; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order, together with a blank form "Petition under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody" AO 241 (Rev. 06/13).

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
**United States District Judge**